Wesco Ins. Co. v SR Delco C.S.M. Inc. (2024 NY Slip Op 02289)

Wesco Ins. Co. v SR Delco C.S.M. Inc.

2024 NY Slip Op 02289

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 156199/22 Appeal No. 2162 Case No. 2024-00311 

[*1]Wesco Insurance Company, Respondent,
v
SR Delco C.S.M. Inc., Appellant, Robert Novogratz, et al., Defendants.

Abraham, PLLC, New York (Joshua E. Abraham of counsel), for appellant.
Gunnercooke US LLP, New York (Max W. Gershweir of counsel), for respondent.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered January 9, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff Wesco Insurance Company's motion for summary judgment declaring that plaintiff has no duty to defend or indemnify defendant SR Delco C.S.M. Inc. (Delco) in an underlying action, unanimously affirmed, without costs.
Supreme Court properly granted plaintiff summary judgment in this case seeking a declaration that the insurer plaintiff is not required to defend Delco, the insured, pursuant to the issued commercial general liability insurance policy (the Policy). Delco, the general contractor, hired a nonparty subcontractor to perform certain interior carpentry work on premises where one of the subcontractor's employees was allegedly injured. That employee commenced an underlying personal injury action against Delco, who in turn, sought coverage from plaintiff.
Although plaintiff initially provided Delco with a defense, several months after receiving notice of the underlying action, it disclaimed coverage, taking the position that the claims against Delco were not covered by the Policy. Specifically, the Policy provides that coverage was "limited to those classification codes listed in the Policy." While the subcontractor was performing interior carpentry work, a listed classification code, at the time of the accident, Delco, as the general contractor and the named insured, was not. Accordingly, the underlying claim falls outside the scope of the Policy.
Delco argues that plaintiff must provide a defense because it failed to disclaim coverage "as soon as is reasonably possible," as required by Insurance Law § 3420(d)(2). However, the endorsement defines the scope of coverage in the first instance, and does not operate as an exclusion (see Black Bull Contr., LLC v Indian Harbor Ins. Co., 135 AD3d 401 [1st Dept 2016]). Accordingly, contrary to Delco, disclaimer pursuant to Insurance Law § 3420(d)(2) was unnecessary (id. at 403).
We have considered Delco's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024